**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

------------------------------------------------------------ X
IN RE:

SHAWN EDWARD LOCKWOOD, and MADELON TARESA (a.k.a. MADELON TARESA OEMLER),

                    **Debtors.**

CASE NO. 8:05-bk-05334-CPM

_____

LAUREN P. GREENE, TRUSTEE,

                    **Plaintiff,**

vs.

INHERITANCE FUNDING COMPANY, INC.,

                    **Defendant.**

ADV. NO. 8:07-ap-374-CPM

------------------------------------------------------------ X

## ANSWER OF DEFENDANT INHERITANCE FUNDING COMPANY, INC.

Defendant Inheritance Funding Company, Inc. ("IFC" or "Defendant"), by its attorneys Meyer, Suozzi, English & Klein, P.C., and David W. Langley, P.A., as and for its answer to the Complaint, dated September 24, 2007, filed by the Lauren P. Greene, as trustee ("Trustee" or "Plaintiff" of the chapter 7 bankruptcy estate of the above-captioned debtor, hereby sets forth as follows:

1

## ANSWERING THE ALLEGATIONS COMMON TO ALL COUNTS

1. Defendant admits the allegations contained in paragraph "1" of Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph "2" of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph "3" of Plaintiff's Complaint.

4. Defendant denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "4" of Plaintiff's Complaint.

5. Defendant admits the allegations contained in paragraph "5" of Plaintiff's Complaint.

6. Defendant admits the allegations contained in paragraph "6" of Plaintiff's Complaint.

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of Plaintiff's Complaint.

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of Plaintiff's

Complaint.

9. Defendant admits the allegations contained in paragraph "9" of Plaintiff's Complaint except that Defendant states that such assignment was filed on November 15, 2005 with the North Carolina probate court.

**ANSWERING COUNT I OF THE COMPLAINT**

10. Answering paragraph "10" of Plaintiff's Complaint, Defendant repeats and reiterates each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

11. Defendant denies the allegations contained in paragraph "11" of Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph "12" of Plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph "13" of Plaintiff's Complaint.

14. Defendant denies the allegations contained in paragraph "14" of Plaintiff's Complaint.

**ANSWERING COUNT II OF THE COMPLAINT**

15. Answering paragraph "15" of Plaintiff's Complaint, Defendant repeats and reiterates each and every response heretofore made in answer to the allegations contained

therein, with the same force and effect as though more fully set forth at length herein.

16. Defendant denies the allegations contained in paragraph "16" of Plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph "17" of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph "18" of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph "19" of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph "20" of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph "21" of Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

22. The allegations set forth in the Complaint fail to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

23. Plaintiff's claims are barred by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred by the doctrines of set-off and recoupment.

## FOURTH AFFIRMATIVE DEFENSE

25. Pursuant to Rule 19 of the Federal Rules of Civil Procedure, as incorporated and made applicable to this Adversary Proceeding by Rule 7019 of the Federal Rules of Bankruptcy Procedure, the Complaint should be dismissed for failure to join all necessary parties.

## FIFTH AFFIRMATIVE DEFENSE

26. Defendant was a good faith transferee of the Debtor and provided substantial value.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, together with the costs and disbursements of this action, reasonable attorneys fees, and granting Defendant other relief as this Court may deem just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served electronically to Eva M. Donohue, Attorney for Debtors, The Law Office of Eva M. Donohue, P.A. 130 S. Massachusetts Avenue, Ste 701, Lakeland, Florida 33801, E-mail: edonohue86@aol.com; David B. McEwen, Attorney for Trustee/Plaintiff, David B. McEwen, P.A., 560 First Avenue North, St. Petersberg, Florida 33701-3702, E-mail: dmcewen@davidmcewen.com; and by mail to: Howard B. Kleinberg, Esq., Co-Counsel for Inheritance Funding Company, Inc., Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, New York 11530, and to all interested parties who have requested notice on this 21st day of November, 2007.

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue, Suite 300**
**P.O. Box 9194**
**Garden City, New York 11530**
**(516) 592-5718 - Direct Dial**
**(516) 741-6706 - Telecopier**
**Email: hkleinberg@msek.com**
**Howard B. Kleinberg, Esq.**

- and –

**DAVID W. LANGLEY, P.A.**
**8181 West Broward Boulevard**
**Suite 204**
**Plantation, FL  33324-2049**
**(954) 356-0450 – Telephone**
**(954) 356-0451 – Fax**
**Email:  Dave@Flalawyer.com**

By: **/s/ David W. Langley**
        **David W. Langley**

630336